JS-6



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY,<br><br>    Plaintiff,<br>  vs.<br><br> HYM ENGINEERING, INC.,<br><br>    Defendant. | Case No. 8:26-cv-00275-FWS-DFM<br><br>**JUDGMENT** |

On or about May 11, 2026, the court granted Plaintiff Construction Laborers Trust Funds for Southern California Administrative Company's ("Plaintiff") Motion for Default Judgment against Defendant HYM Engineering, Inc. ("Defendant" or "Employer"). (Dkt. 18.) Accordingly, having considered all the pleadings and papers filed in this case, the evidence on record and argument of counsel, and the applicable law, and for the good cause appearing therein, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

-1-

Judgment is entered in favor of Plaintiff and against Defendant in the total amount of **$280,286.79** as follows:

A.   On the **First Claim** for Relief, damages in the amount of **$173,825.16**, which includes interest through June 1, 2026.

B.   On the **Second Claim** for Relief, damages in the amount of $**96,945.54**, which is comprised of:

1)   $65,419.20 in delinquent contributions;

2)   Interest on the above delinquent contributions, through June 1, 2026, in the amount of $18,465.18; and

3)   Liquidated damages on the above delinquent contributions, in the amount of $13,061.16.[1]

C.   Attorney fees in the amount of **$9,015.41**.

D.   Costs in the amount of **$500.68.**

E.   On the **Third Claim** for relief, **IT IS ORDERED**:

1)    That Defendant Employer, its officers, directors, employees, agents, and all persons acting by, through, or in concert with the Employer be compelled to forthwith submit to an audit of Employer's payroll and business records and that Employer produce the following payroll and business records for the time period of March 2023 to current (Audit Period), to the Plaintiff Construction Laborers Trust Funds For Southern

---

[1] Nothing in this Judgment shall preclude Plaintiff from seeking an amended judgment if appropriate based on a future audit of Defendant's books and payroll.

California Administrative Company ("Trust Funds") or their designated agent for inspection, examination and copying:

1.1.   All payroll and employee documents during the Audit Period including, but not limited to, including but not limited to all payroll records (including certified payroll records, electronic payroll records, and all records reflecting payments to trust funds other than the Laborer Trust Funds of Southern California Federal W-2 Forms, Forms 1099 and 1096, Quarterly State Tax returns, and time cards), all cash disbursement ledgers, all canceled checks, check registers, invoices and bank checking account statements, the scope of work portion of all contracts and subcontracts between general contractors and subcontractors. If requested by the Trusts, the Contractor shall provide payroll breakdown by job, and shall provide the job location, legal description of the jobsite property if known, the owner of job location, the name and address of the entity for which the Contractor is working, the contact telephone number for the job, the names and social security numbers of the employees working on the job, the number of hours worked by each employee on the job, all preliminary notices, mechanic liens and stop notices on the job, other relevant job location information requested by the Trusts and certification of workers compensation coverage.

1.2.   All Employer's documents during the Audit Period related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices.

1.3.   All Employer's bank statements during the Audit Period for all checking, and savings accounts.

1.4.    All Employer's documents during the Audit Period related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journal, accounts payable journals, check registers, and all other documents which indicate cash disbursements.

1.5.    All collective bargaining agreements between Employer and any trade union in effect at any time during the Audit Period.

1.6.    All reports or statements submitted to any employee benefit plan, and a copy of the check(s) to such plan(s), for which Employer has claimed a credit on any certified payroll reports for work performed during the Audit Period.

2)    The TRUST FUNDS shall be provided with direct access to all documents specified in 1.1 through 1.6 above, in the manner in which such records are kept, including access to electronic data kept on payroll or accounting software. Employer shall allow the designated agent of the Trust Funds to enter its premises, or other premises where such records are kept, in order to inspect and copy the documents as they are kept. The Employer shall provide direct access to any computer programs and/or files on which such records are kept to the designated agent of the Trust Funds for purposes of inspection and copying.

3)    Failure to comply with this injunction may subject the Employer and its responsible officers to contempt of court.  Any proceedings to enforce this injunction may be brought in this action, in accordance with Fed. R. Civ. P. 70(e) and the Local Rules. There is no stay of enforcement.

F.    Satisfaction of this monetary judgment on the First and Second Claim shall not satisfy the judgment for injunctive relief on the Third Claim, unless specifically stated so in the Acknowledgment of Satisfaction.  Given that Defendant has not produced all the records required for a complete audit, this Judgment shall not

operate as res judicata as to the amount of contributions due.  If additional contributions are found to be due through the audit ordered here, or otherwise, the court reserves jurisdiction to either reopen this case, or Plaintiff may bring a subsequent action in this court, in which counsel shall file a Notice of Related Case, referring to this case, pursuant to L.R. 83-1.3.

**IT IS SO ORDERED.**

Dated: June 1, 2026

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE